IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY PUHR, | |
| Plaintiff, | Case No. 16-728 |
| v. | |
| PQ CORPORATION, | |
| Defendant. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant PQ Corporation ("PQ"), by and through its attorneys, Pellis Law Group, LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of removal of the case styled *Gary Puhr v. PQ Corporation*, Case No. 15 L-0912, from the Circuit Court of Will County, Illinois, to the United States District Court for the Northern District of Illinois. In support of this Notice of Removal ("Notice"), PQ states as follows:

1. On or about December 23, 2015, Plaintiff Gary Puhr ("Plaintiff") filed a summons and complaint at law ("Complaint") against PQ, Case No. 15 L-0912, in the Circuit Court of Will County ("State Court Action"). *See* Summons and Complaint, attached hereto as Exhibit A.

2. The Complaint alleges negligence on the part of PQ, specifically claiming that PQ did not maintain its property and equipment in a safe condition and that PQ failed to warn Plaintiff, as a business invitee, of the need for particular personal protective footwear. *See* Exhibit A, Complaint at ¶¶ 10-11.

1

      3.      PQ accepted service of the Summons and Complaint in the State Court Action on January 11, 2016.

      4.      PQ has not yet filed an appearance, answer, or any motions in the State Court Action.

**GROUNDS FOR REMOVAL**

      5.      This Notice is brought pursuant to 28 U.S.C. § 1441(a), which provides, in relevant part, that "… [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

      6.      This Notice is also brought pursuant to 28 U.S.C § 1332(a)(1), which provides, in relevant part, "[T]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- Citizens of different States…"  28 U.S.C § 1332(a)(1).

      7.      Removal is proper under 28 U.S.C. §§ 1332 and 1441 because there is complete diversity of citizenship between Plaintiff and PQ and the amount in controversy exceeds the sum of $75,000.

      8.      Plaintiff is domiciled in the city of Oak Lawn, located within Cook County, in the state of Illinois.  *See* Exhibit A, Complaint at ¶ 1.

      9.      PQ is a Pennsylvania corporation with its principal place of business in the state of Pennsylvania.  *See* PQ's Corporation File Detail Report for the Illinois Secretary of State, attached hereto as Exhibit B.  As such, PQ is deemed to be a citizen of Pennsylvania for diversity purposes.  28 U.S.C. § 1332(c)(1); *Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 850 (7th

Cir. 1996) ("… [A] corporation does not have a domicile; rather, its citizenship for diversity purposes is determined by its place of incorporation and its principal place of business."); *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("… [A] corporation … is deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.").

    10.    In Illinois, a plaintiff in a personal injury lawsuit is not allowed to specify the amount of damages sought, except to the extent necessary to comply with circuit court rules of assignment. 735 ILCS 5/2-604. As such, plaintiff's Complaint does not set forth a specific sum of damages sought against PQ, but rather demands judgment "in an amount in excess of the jurisdictional limits of this court." *See* Exhibit A, Complaint at final paragraph. However, the amount in controversy, which represents the total amount Plaintiff is seeking, includes damages for alleged "severe injuries of permanent and lasting nature." *See* Exhibit A, Complaint at ¶ 13. More specifically, Plaintiff seeks damages for alleged pain and suffering, medical care, and lost wages dating back to the time of the incident, which occurred over two years ago on December 31, 2013. *See* Exhibit A, Complaint at ¶¶ 4, 13. Plaintiff also seeks damages for future pain and suffering, medical care, and lost wages. *See* Exhibit A, Complaint at ¶ 13. As such, PQ contends this amount is greater than $75,000. *See* 28 U.S.C. § 1446(c)(2)(A)(ii) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a)…the notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment, but the State practice…does not permit demand for a specific sum…").

    11.    Accordingly, PQ asserts that diversity jurisdiction exists, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

12. Venue properly lies with this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), as this action is presently pending in the Circuit Court of Will County, Illinois, which lies within the Northern District of Illinois' Eastern Division.

## COMPLIANCE WITH REMOVAL PROCEDURES

13. PQ has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446. This Notice is timely because it is being filed within thirty (30) days of the date PQ was served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

14. In accordance with 28 U.S.C. § 1446(d), this Notice is being provided to Plaintiff, through his attorney of record, Glenn C. Ronaldson, 19 S. LaSalle Street, Suite 1402, Chicago, IL 60603.

15. Further, pursuant to 28 U.S.C. § 1446(d), PQ will file a copy of this Notice with the Clerk for the Circuit Court of Will County, Illinois, in Case No. 15 L-0912.

16. Copies of all process, pleadings, and orders served on PQ are attached hereto as required by 28 U.S.C. § 1446(a).

WHEREFORE, PQ respectfully requests that this Court grant removal of this action from the Circuit Court of Will County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division and that this Court exercise jurisdiction over this action and direct the Circuit Court of Will County to have no further jurisdiction over this matter.

Respectfully submitted,

PQ CORPORATION

Dated: January 19, 2016     By:    /s/Joseph L. Pellis II
Joseph L. Pellis II, Esq.
Attorney No. 6298127
PELLIS LAW GROUP, LLP
901 Warrenville Road, Suite 205
Lisle, IL 60532
t: +1 (630) 442-5500
f: +1 (630) 442-5519
jpellis@pellislaw.com

*Attorney for PQ Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing Notice of Removal to be served via United States Postal Service Certified Mail this 19th day of January, 2016 upon the following:

Glenn C. Ronaldson, Esq.
RONALDSON AND KUCHLER, LLC
19 S. LaSalle Street, Suite 1402
Chicago, IL 60603

*Attorney for the Plaintiff*

Daniel Robertson